Honorable Ben Z. Grant Chairman Judiciary Committee House of Representatives P. O. Box 2910 Austin, Texas 78769
Re: Whether a schoolteacher may receive compensation for service as a member of a city council
Dear Representative Grant:
You inform us that two school teachers employed and paid by the Angleton Independent School District have been elected to the Angleton City Council. You ask whether it violates article XVI, section 40 of the Texas Constitution for these persons to receive payment for city council service.
This office addressed a similar question in Attorney General Opinion H-6 (1973), which concluded that a junior college teacher paid by the State could serve as a member of the commissioners court only if he renounced his salary for service as a commissioner. This conclusion was based on the following language of article XVI, section 40:
 State employees or other individuals who receive all or part of their compensation either directly or indirectly from funds of the State of Texas and who are not State officers, shall not be barred from serving as members of the governing bodies of school districts, cities, towns, or other local governmental district; provided, however, that such State employees or other individuals shall receive no salary for serving as members of such governing bodies.
Tex. Const., art. XVI, § 40. The reasoning of Attorney General Opinion H-6 is applicable to your question. A teacher is indirectly paid in part by the state, and may serve on a city council only if he receives no salary for the latter service. See also Letter Advisory No. 20 (1973). We note that your question and our response are limited to a city's payment of salary to a city councilman, and neither the question nor the answer extends to any legitimate reimbursement of expenses.
The district court decision in Hairgrove v. Pasadena Independent School District is not inconsistent with our answer to your question. Hairgrove v. Pasadena Independent School District, Cause No. 79-27154, District Court of Harris County, 129th Judicial District of Texas, September 10, 1979. In that case a teacher employed by an independent school district was also a salaried member of the Pasadena City Council. When the school district became aware that he received compensation for serving on the city council, it withheld his salary. The teacher sued for back pay and won. The judgment stated that `Article 16, Section 40 does not empower P.I.S.D. to withhold Plaintiff's school Teacher salary.' Article XVI, section 40 bars the teacher from receiving compensation for his service on the governing body of a city but it does not affect his compensation for State employment as a teacher. Thus, the court considered a different question from the one you asked, and its decision does not affect our answer to your inquiry.
 SUMMARY
Article XVI, section 40 of the Texas Constitution permits a school teacher paid from state funds to serve as a city council member only if he receives no compensation for the city council service.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Prepared by Susan Garrison Assistant Attorney General